UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL FOWLER | CIVIL ACTION NO.: |
| VERSUS | JUDGE |
| NICOLE CONSTANTINE AND AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | MAGISTRATE |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant, American National Property and Casualty Company, ("ANPAC"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal to this Court of the state court action herein described and, in support, states as follows

*BACKGROUND*

1.

Plaintiff, Paul Fowler, claims in his Petition for Damages that he sustained injuries as a result of a motor vehicle accident which occurred on October 4, 2018. The suit was filed on October 2, 2019 in Civil District Court for the Parish of Orleans, State of Louisiana, entitled "*Paul Fowler vs. Daniel Handleman, Nicole Constantine & American National Insurance* Company" bearing docket number 19-10317 in Division I of that court.

Named defendants in that original petition were (a) Daniel Handleman as the vehicle owner; (b) Nicole Constantine as the vehicle driver; and (c) American National Insurance Company ("ANICO") as the liability insurer.[1]

---

[1] American National Property and Casualty Company ("ANPAC"), not ANICO, was the liability insurer. ANPAC is a subsidiary of ANICO.

2.

Within 30 days of service on ANICO, it filed a Notice of Removal on December 17, 2019 at approximately 5:51 P.M.  This filing in the Eastern District Court for the State of Louisiana bears docket number 19-cv-14663 and was assigned to Judge Jay C. Zainey.  Nicole Constantine and Daniel Handleman were unserved but consented to the removal.

3.

Unbeknownst to ANICO when it filed the Notice of Removal, plaintiff had filed an amending petition in state court on December 17, 2019 at 12:27 P.M.  Notice of this filing was given by plaintiff on December 17, 2019 at 11:38 P.M.

4.

The specific filings by plaintiff in state court on December 17, 2019 were a Motion for Leave to File Incorporated First Supplemental and Amended Petition for Damages; an Order; and a First Supplemental and Amended Petition.

The Supplemental and Amended Petition removed Daniel Handleman from the litigation, and it substituted ANPAC for ANICO.

The state court judge has not signed the order granting leave to file the Supplemental and Amended Petition.

5.

This Notice of Removal by ANPAC presumes that the First Supplemental and Amended Petition filed on December 17, 2019 was effectual, even without leave of court, in light of Louisiana Code of Civil Procedure Article 1151 which does not require leave of court when the supplemental petition is filed prior to the answer.  Thus, the premise of this Notice of Removal is that ANPAC, not ANICO, has been correctly named the defendant liability

insurer and that Daniel Handleman (vehicle owner) has been taken out of the suit by plaintiff.

6.

Attached hereto as Exhibit "A" is a copy of the entire state court record, including citation and service documentation.

*DIVERSITY OF CITIZENSHIP
IS THE JURISDICTIONAL BASIS OF REMOVAL*

7.

The above-described action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Title 28 U.S.C. §1332 and is one that Defendant is entitled to remove to this Court pursuant to Title 28 U.S.C. §1441.

8.

Upon information and belief, plaintiff, Paul Fowler, is now and was at the time of the filing of his Petition, a citizen of the State of Louisiana.

9.

ANPAC is now, and was at the time the Petition was filed, an entity organized under the laws of the State of Missouri and having its principal place of business in the State of Missouri.

10.

Defendant, Nicole Constantine, is now, and was at the time the Petition was filed, an individual domiciled in the State of Texas. Days before the occurrence of the accident on October 4, 2018, she had moved to the State of Louisiana to temporarily reside while Daniel Handleman completed his fellowship program. Her intention was that when Daniel

Handleman completed his fellowship program in the Summer of 2019, she would then resume her graduate school studies at Brandeis University in the Fall Semester of 2019. She did, in fact, move in August 2019 to Boston, Massachusetts to further her studies. She has never had any intention of changing her citizenship or domicile from the State of Texas to the State of Louisiana. (Affidavit of Nicole Constantine attached hereto as Exhibit "B").

11.

Citizenship is based on domicile, i.e. where an individual resides and intends to remain. *Acridge v. Evangelican Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 448 (5th Cir. 2003). At birth, a person acquires a "domicile of origin", which is presumed to continue if there is not sufficient evidence of a change of domicile. <u>Acridge</u>, 334 F.3d at 448. A presumption of continuing domicile applies when a person relocates. *Id.* To defeat the presumption and establish a new domicile, the "domicile of choice", the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely. *Id.* To determine whether a person has changed domicile, factors include where the person exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for her family. *Id.* However, for out-of-state students, a significant factor is whether the student intends to remain in the state beyond the educational period. <u>See</u> *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981) (citing 13 Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> § 3619 at 751 (1975)). A person's statements of intent, either to remain in a previous domicile or to establish a new one, are entitled to little weight' if they conflict with the objective facts.

*Acridge*, 334 F.3d at 448.  The federal court can determine jurisdictional matters by examining the pleadings and evidence in the record, such as affidavits.

12.

Per the attached Affidavit of Nicole Constantine setting forth factual details pertinent to the domicile analysis, she clearly did not establish her domicile in the State of Louisiana.

AMOUNT IN CONTROVERSY

13.

Although ANPAC denies liability to plaintiff, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

14.

In Paragraph IV of both the original Petition for Damages and the First Supplemental and Amended Petition for Damages, plaintiff alleges that as a direct result of the October 4, 2018 motor vehicle accident, plaintiff received "severe and painful injuries to his mind and body; for which he has been obliged to undergo medical treatment, suffering great pain and mental anguish, loss of sleep and proper rest, and loss of wages and employment." (Petitions are attached in Exhibit A).

The damages sought by plaintiff are itemized in Paragraph V of both petitions as "mental and physical pain and suffering, medical expenses, disability, loss of lifestyle, wage loss and any other item of damage which may be associated herewith." (Exhibit A).

15.

The Petitions contain no allegations stating whether the amount in controversy does, or does not, exceed $75,000.  However, a review of the pertinent information establishes that

the amount in controversy does in fact exceed $75,000.

16.

Per the September 20, 2019 office note of Dr. Samer Shamieh, the treating orthopedic spine surgeon, Paul Fowler has multiple herniated discs in the cervical and lumbar spine; he has failed conservative treatment; and he is a surgical candidate for procedures in both the cervical and lumbar spine, pending additional imaging. (Exhibit "C").

17.

Attached as Exhibit "D" is the November 7, 2019 correspondence of counsel for plaintiff notifying defendants that spinal surgery for injuries sustained in the accident was imminent and that the value of the damages claim exceeded $100,000.

A post-complaint, settlement demand letter, which is not plainly a sham, may be documentation that the federal court may review to assess the amount in controversy. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000).

*REMOVAL IS TIMELY AND PROPER*

18.

ANPAC, through its counsel of record, was sent the First Supplemental and Amended Petition on December 17, 2019 by email just before midnight. ANPAC waived formal service of citation and process and accepted the service as of December 17, 2019. Defendant, Nicole Constantine, remains unserved. See Exhibit "A".

19.

Accordingly, this Notice is timely filed within thirty (30) days after service on ANPAC of the First Supplemental and Amended Petition and filed within one (1) year of

the filing of the Petition for Damages in compliance with 28 U.S.C. § 1446(b).

20.

As evidenced in the attached Affidavit of Nicole Constantine, she consents to the removal of the state court action filed by Paul Fowler.

21.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

22.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of Paul Fowler, and the suit is between citizens of different states. Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

23.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid state court reflecting the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, American National Property and Casualty Company prays that the civil action bearing docket number 19-10317 in Division I pending in Civil District Court for the Parish of Orleans, State of Louisiana, be removed to

this Court for trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

    Respectfully submitted:

    /s/ J. Thaddeus Westholz
    J. Thaddeus Westholz (Bar No. 21941)
    Gallagher & Westholz, LLC
    111 Veterans Memorial Boulevard
    Suite 1400
    Telephone: 504-887-2220
    Facsimile:  504-754-7542
    Email:  thad@gwplawfirm.com
    Counsel for Defendant, American
    National Property and Casualty
    Company

## CERTIFICATE

I certify that a copy of the above and foregoing was electronically filed on January 14, 2020 by using the CM/ECF system which will send a notice of electronic filing to:

    Ramesh K. Reddy (#33327)
    ULTIMATE ACCIDENT LAW
    3014 Dauphine Street, Suite Z
    New Orleans, LA 70117
    Telephone:  (504) 684-5455
    Facsimile:  (504) 208-3400
    Email:  ramesh@getreddy.co
    Counsel for plaintiff, Paul Flower

    /s/ J. Thaddeus Westholz
    J. Thaddeus Westholz (Bar No. 21941)